**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

KAWANA BROOKINS,            )
                                  )
     Plaintiffs,             )
                                  )
     v.                     )     Civil Action No.  2:17-cv-172-KS-MTP
LAWRENCE COUNTY SCHOOL   )
DISTRICT; and TAMMY        )     JURY TRIAL DEMANDED
FAIRBURN, in both her official and )
individual capacity          )
                                  )
     Defendants.           )
_____ )

## COMPLAINT

COMES NOW, the Plaintiff, Kawana Brookins, by and through counsel, and files this, his Complaint against the Defendants, Lawrence County School District, and Tammy Fairburn, in both her official and personal capacity, and would show unto the Honorable Court as follows:

### THE PARTIES

1.    Plaintiff, Kawana Brookins, is a citizen of Sontag, Mississippi

2.    Defendant, Lawrence County School District (the "District"), is a political subdivision of the State of Mississippi acting under color of state law in Lawrence County, Mississippi.  The Mississippi Department of Education is the governing body of the District, which is a part of Mississippi's public school system. The District's governing body is the District's Board of Trustees (the "Board").   The

District may be served with process through its Superintendent Tammy Fairburn, at 346 E Thomas E. Jolly Drive, Monticello, Mississippi 39654.

3.      Defendant, Tammy Fairburn, is the Superintendent of the District, and upon information and belief, is a citizen of Monticello, Mississippi.

## VENUE AND JURISDICTION

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331, 1343, for the violation of Plaintiff's federal statutory rights and for violation of Plaintiff's civil rights under 42 U.S.C. § 1983.   At all relevant times, Defendants acted under color of state law.   Defendant, the District, is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964.   This action is also brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, codified as 42 U.S.C. § 2000, *et seq*., 42 U.S.C. §§ 1981 & 1983, and the equal protection clauses of the Fourteenth Amendment, U.S. Constitution.

5.      Venue is properly established before the Court pursuant to 28 U.S.C. § 1391 as the Defendants are located in, and the Plaintiff's claims occurred or accrued in, Lawrence County, Mississippi, which is in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Plaintiff timely filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), and has received a notice of the right-to-sue from this agency.   A copy of the right-to-sue letter is attached hereto as Exhibit "A."

7**.**     Plaintiff incorporates by reference, as set forth herein, the allegations set forth in each preceding paragraph and further alleges as follows:

8.     Plaintiff, an African-American female, was employed as a teacher for the Lawrence County School District beginning August of 2004.  She holds a AA teaching license and is highly qualified to work as a teacher for the District based on her years of experience, certifications, accomplishments and excellent work record during her tenure.

9.     Lawrence County is a small rural community with a population of about 12,000 residents.  It is a community where it doesn't take long for news to travel, where no one is a stranger, and almost everyone knows substantial background information about almost all their community neighbors. But its school district is still plagued with acts of racial discrimination that are utilized to quiet African-Americans teachers through real and perceived threats to their livelihood.  In the District, virtually all of the African-Americans who have challenged the "system" have been met with swift and harsh punishment that negatively impacted the terms and conditions of their employment.   Making matters worse, the school district fails to enforce a federal consent decree that is meant to increase the retention rate of African-American teachers.

10.     In January of 2012, Tammy Fairburn began her term as the District's Superintendent.

11.     Throughout Plaintiff's tenure with the District, Plaintiff witnessed members of the community and African American teachers complain to the Lawrence County School Board, Principal Darryl Turner, and to Fairburn about the racial discrimination that persists against African-American teachers' as well as the racial discrimination against African-American students without any steps taken to prevent this conduct.  Said complaints were also made to the Lawrence County School Board, Principal Darryl Turner, and to Fairburn about the repercussions that African Americans suffered after complaining about these inequities.  Plaintiff directly provided notice of these inequities to administrators employed by the district and certain members of the board.  And Fairburn and the District refuse to abide by a consent decree ordered by the United States District Court for the Southern District of Mississippi Hattiesburg Division to hire and retain black educators despite repeated complaints from African American members in the community.

Also, during Fairburn's tenure, Plaintiff witnessed the Lawrence County School Board repeatedly ratify or "rubber stamp" Fairburn's discriminatory actions launched against black teachers who were falsely accused of misconduct in order to encourage their resignations.  When this method was unsuccessful, Plaintiff witnessed the district fire black teachers out right based on racially motivated charges that arose under Fairburn.

12.     In April of 2017, Plaintiff was provided with a contract renewing her employment for the 2017-2018 school year.

13.     Despite having greater qualifications, the Plaintiff, who is an African-American, female, received lower pay than her white counterparts Rhonda Bayles and Daniel Hebert who were similarly situated and less qualified such as Rhonda Bayles and Daniel Herbert.

14.     In August of 2012, the Plaintiff, presented the district with this information, and she was informed misled by Fairburn throughout Plaintiff's tenure, that upon her employment an administrative decision was made that no more employees at the career center would receive a pay increase over the standard 190 day contract.

15.     The superintendent also assigned the Plaintiff tasks that were previously assigned to two employees, the Plaintiff was assigned the combined duty of School Testing Coordinator as well as her original position while also being delegated duties that were originally assigned and completed by a Caucasian female, and the superintendent demanded that Plaintiff work after traditional hours which extended past 11:00 P.M.

16.   On or about September 2015, her husband Kenneth Brookins instituted a separate complaint to principal Turner that noticed Fairburn about the discriminatory practices of the LCSD.  Kenneth Brookins and Kawana Brookins on more than one occasion informed administration that the district's hiring practices were discriminatory as was its administration of punishment towards his African-American son.  No steps were taken by any member of LCSD to institute any changes.  In fact,

Fairburn and Turner failed to take any corrective steps to prevent the cause of actions listed in this complaint, including those areas where they operated as final policy makers[1] and ultimate decision makers for the District.

17.    Shortly thereafter, on or about October 2, 2015, Kenneth Brookins was accused by three students with known disciplinary problems who conspired to make specious claims that Brookins had provided these students with a laptop containing pornographic images.  Though the story had blatant inconsistencies, Fairburn who held ultimate policy making authority with respect to, *inter alia*, teacher discipline, along with her subordinates Twyla Oakes, and Darryl Turner, collectively seized on the opportunity to lead another campaign of racial harassment, retaliation, and discrimination against an African American teacher especially one who complained about the widespread discriminatory policies and practices within the district. Fairburn, Oakes, and Turner knew or should have known the allegations were untrue when they were made and purposely avoided documenting exculpatory evidence in direct contrast to their approach with Caucasian educators accused of misconduct.

18.    Fairburn, Oakes and Turner, even took the unprecedented step to suspend Kenneth Brookins without pay on or about October 15th and 16th of 2015 and formally reprimanded him based on trumped up charges that he violated district policy by, *inter alia,* providing a *personal laptop* that allegedly contained pornographic images which "failed to protect students from obscene material." They also trumped up additional

---

[1] Pursuant to § 1983.

charges such as failing to "report rumors" though it was nowhere in any district policy. Lastly, they claimed he "verbally intimidated" students by questioning them about the rumors.   Unlike the instances involving more egregious and far more credible accusations involving his Caucasian counterparts, these individuals later admitted to making the decision to suspend and formally reprimand Brookins without pay prior to even receiving his version of events.  Just as importantly, Brookins denied engaging in any misconduct associated with the charges raised by students with known disciplinary problems, and the district knew or should have known, however, that the laptop in question was not a personal laptop because it was purchased and provided by the district. Indeed, none of his actions were in violation of any district policy.

After Kenneth Brookins informed the district's board, Turner, and Oakes that he requested a due process hearing in October 2015, he was immediately summonsed to the office by his principal, Darryl Turner, whereby Brookins reiterated his intentions to expose, *inter alia*, the LCSD, Turner, Oakes, and Fairburn regarding their discriminatory treatment towards minorities. Turner discouraged a challenge to the charges. Subsequently, days later, he levied threats regarding the consequences of doing so and Turner informed of the protocol whereby the district, and Fairburn would be made aware of his feedback and denials.   Notwithstanding this, Brookins complained about LCSD's discriminatory treatment towards African-American students, African-American teachers, and his son.

Subsequently, Turner and Fairburn placed a hold on Brookins' ability to attend training conferences, or travel within the district.  When Brookins provided notice to each of these defendants, that his accusers were harassing him in violation of the district's anti-bullying policy, and in such a way as to impact the terms and conditions of his employment, no member of LCSD took any action to reduce the likelihood of future conflict.  This too was in direct violation of the policies of the district and inconsistent with how his Caucasian counterparts were treated. In fact, Principal Turner, who was the ultimate policy maker regarding certain lesser disciplinary matters such as the handling of office referrals, repeatedly refused to input Brookins' office referrals or discourage disruptive classroom behavior for the remainder of the school year.   In addition, Fairburn who was the final policy maker with respect to the enforcement of district policies concerning student conduct once referrals were made and who supervised Turner, openly allowed students to refer to Mr. Brookins as "Mrs. Brookins" and to disrupt the classroom environment.  This sexual harassment also served to undermine Brookins' authority in the classroom, which substantially reduced his ability to teach.  Fairburn was deliberately indifferent to the substantial complaints about the lack of educational and disciplinary support based on the race of students and teachers.  There was no training provided to address these issues which caused the deprivation of Brookins' rights discussed in this Complaint nor were there any repercussions for doing so.  Moreover, Fairburn restricted Brookins' internet access to educational websites—further limiting his ability to instruct the students. In essence,

Brookins was no longer provided disciplinary support, his educational resources were reduced, and his pay was deducted on the basis of his race.

Not stopping there, Defendants Fairburn, and her subordinate Oakes, also continued to harass Kawana Brookins following her questioning of the Lawrence County policies and procedures as they pertain to African Americans within the district in December 2016.  Twyla Oakes harassed Kawana Brookins by refusing to respond to her inquiries which affected the terms and conditions of her employment and by refusing to train her as part of her official job duties.  Around this same time, a member of the district threatened to follow the husband of Plaintiff home as part of the so-called investigation of Mr. Brookins and pursuant to Fairburn and Turner's directives.  Also, as apart of the so-called investigation Plaintiff was made to bring material evidence at the request of Tammy Fairburn and Twyla Oakes.  Turner and Fairburn then threatened to require Mr. Brookins to bring home student related work while he was on suspension with emphasis that his return was unlikely due to their influence on the board.  Turner and Fairburn interrogated Mr. Brookins about his legal representation; required sudden travel at his own expense for training; encouraged student harassment; refused him access to his employee records, challenged his instructional and professional day with interruptions and embarrassment; and induced colleagues to testify falsely against him regarding the allegations involving indecency to a child. Based on the roles and responsibilities of these employees, and testimony at a due

process hearing, the district had constructive notice of these complaints but took no action to intervene.

19.    On or about December 21, 2015, Kawana and Jason Brookins again complained about the discriminatory treatment of his African-American son, by his Caucasian teacher Candice Sandifer. When Mr. Brookins complained about the racial discriminatory treatment his son suffered and poor performance in her classroom as this teacher played a sexually explicit TV miniseries "Grey's Anatomy" during a majority of the class period, Turner refused to address his concerns. Instead, Turner pivoted and threatened that Plaintiff was not adequately performing her job.  Based on the roles and responsibilities of the members within LCSD, the district and Fairburn had constructive notice of these complaints but took no action to intervene.

20.    On or about April 21, 2016, Kenneth Brookins filed an EEOC complaint alleging, *inter alia*, complaints regarding Lawrence County's poor treatment of African-Americans.

21.    On or about April 20, 2016, Fairburn and Turner admitted at Brookins' due process hearing that she nor the district never initiated nor punished any other teacher based on the charges it levied against Brookins.  Fairburn's subordinate Twyla Oakes admitted that her task investigation was not designed to find whether the accusations against Brookins were true; instead she was tasked by Fairburn with finding Brookins' guilty of a district violation.  At one point, Fairburn even admitted there was no evidence upon which to base some of her charges against Brookins.

10

22.   On or about April 20, 2016, it became clear that Brookins' suspension was designed to damage his reputation, and "blackball" him. Fairburn and her subordinates admitted at the due process hearing that although they claimed he was stripped of his teaching duties for nearly two weeks based on an investigation into his alleged misconduct, no investigation whatsoever occurred during the time he was suspended and that similarly situated whites had engaged in undisputed misconduct far more severe but were never suspended, held out for investigation, or even disciplined. The baseless investigation against Brookins diminished Brookins' reputation in this small community and fed into negative rumors of indecent exposure to children.   In essence, Turner and Fairburn operated within the district's custom, and extended the campaign of intentionally smearing and harassing minority teachers based on his race. Defendants also attempted to quiet Brookins' complaints of systematic racism against minority teachers and students campus wide, including his son, and to ultimately end his employment with the district.

23.   Throughout the remainder of that 2015-2016 school year, Fairburn communicated that Mr. Brookins' job was in jeopardy; she threatened/stressed the hearing process could have harsher penalties than her initial ruling, she supported/promoted the harassment of Turner, and other school officials.  She made clear that she possessed influence over the board members. Fairburn refused to address Brookins' pleas for the intimidation and harassment to end though she suspended Brookins' in contravention of school board policy.  The board was also notified of this

harassment and workplace environment and its negative effects, yet it later ratified Fairburn's conduct.

As a result of the District's repeated ratification of this hostile work environment, and discrimination, Plaintiff's husband was constructively discharged at the end of the 2015-2016 school year.

24.     On June 30, 2016, Kenneth Brookins resigned from his position.

25.     Ultimately, Kenneth Brookins was replaced as a teacher by a white female.

26.     On or about August 16, 2016, the LCSD, Fairburn, and certain members of the Lawrence County School Board upheld the suspension, and baseless allegations against Plaintiff's husband after he had already been constructively discharged.   The board failed to identify and acknowledge reasons for the charges and ultimately punished Plaintiff's husband for grounds separate and apart from the actual charges against him.

27.     On June 28, 2017, Plaintiff also resigned from her position and was replaced by a white female.   In short, the district caused these violations and were repeatedly deliberately indifferent to Brookins' adverse employment actions suffered based on Plaintiff's race.

<u>COUNT I</u>
**Violation of Title VII – Racial Discrimination**

28.     Plaintiff incorporates by reference, as set forth herein, the allegations set forth in each preceding paragraph and further allege that the LCSD is liable for violation of Title VII for the following reasons:

12

29.     Plaintiff is an African-American female protected under Title VII.  She was well-qualified for the position as teacher within the District.

30.     As shown herein, Defendant LCSD discriminated against Plaintiff and treated her less favorably than similarly-situated Caucasian employees and caused her to suffer adverse employment actions.  Defendant LCSD engaged in a pattern of wrongful and discriminatory conduct that was known and ratified or agreed to by the District. Fairburn, as the final policy maker with respect to teacher and student discipline, had a long history of ignoring prior incidents of racial discrimination and herself engaged in mistreatment of African-American teachers and students as well as retaliation against these individuals who engaged in protected activity under Title VII to which the LCSD was also aware.

The LCSB took no steps to intervene just as it ignored the federal consent decree regarding the retention of African-American teachers.  In addition, the board set the tone and direction for these incidents of the deprivation of Plaintiff's rights by approving, ratifying, and condoning these constitutional violations by failing to discipline, hold accountable, or even investigate allegations of misconduct levied against Fairburn or her subordinates for such deprivations. Following the awareness of the Plaintiff charges with the EEOC, the LCSB, at the request of Tammy Fairburn, gave Twyla Oakes, a direct implementer of these discriminatory actions, a salary increase and a promotion.

Through this pattern and practice, Defendant LCSD sought opportunities to harass, constructively discharge, or fire minority teachers. The plaintiff expressed her concerns

regarding unequal salary and lack of mandatory training for testing, which is required by the State of Mississippi.  After repeatedly asking for training and a salary increase, agents of the Lawrence County School District began to retaliate.  The workers from the Technology Department, Human Resources (Twyla Oakes), Cynthia Williamson, Lisa Griffith, Darrell Turner, and Tammy Fairburn began to directly harass the Plaintiff. The Plaintiff was the only African American test coordinator and the only individual not incorporated into district wide test trainings for coordinators.  The Plaintiff's immediate supervisor started harassing her through directives provided over the school-wide P.A. system.  Cynthia Williamson also began denying purchase orders that were necessary to adequately perform his job, and her requests for these resources were repeatedly ignored.

31.     This racially discriminatory hostile work environment and disparate treatment by Defendants Fairburn and LCSD was so pervasive and consistent that it was a pattern and practice of the District, and the District knew or should have known about it.  The District took no actions to stop this wrongful conduct.  Each defendant failed to train or supervise their subordinates which caused the deprivations of the constitutional rights discussed in this Complaint and they were deliberately indifferent to the violations of these rights despite the systematic and widespread examples of such violations throughout Fairburn's tenure.

32.     Due to the Defendants actions, Plaintiff worked in an abusive and hostile work environment that made her employment intolerable. Turner and Fairburn, as final

policymakers, harassed Plaintiff, denied her training and professional development.  As such, she suffered psychological and emotional distress that is ongoing.

33.  As any reasonably employee would, Plaintiff and her husband felt compelled to resign and were thereby constructively discharged from his employment as teachers with the district.  Plaintiff and her husband were forced to choose between enduring racially discriminatory acts such as baseless investigations that publicized defamatory communications that each Defendant knew was false; inducement of allegations that subjected him to criminal exposure; improper pay deductions; unjust alterations in the terms and conditions of his employment; or resigning voluntarily.

34.  Defendant LCSD violated Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, as a result of their disparate treatment, racially abusive and hostile work environment, and intentional discrimination against Plaintiff in the terms and conditions of her employment due to her race.  This wrongful conduct has caused Plaintiff's damages in the form of lost wages and benefits, mental anguish and emotional distress, and other economic and non-economic damages addressing Plaintiff's wrongful deprivation of all the benefits and privileges of employment.

35.  Defendant LCSD willfully and maliciously perpetrated the foregoing intentional discrimination, and/or acted wantonly and with reckless disregard to their wrongful actions.  As such, an award of punitive damages is also requested.  Pursuant to Title VII, Plaintiff also requests an award of all attorney's fees and costs.

**COUNT II**
**Violation of Title VII - Retaliation**
42 U.S.C. § 2000e-3(a), 42 U.S.C. 42 U.S.C. § 2000e-5(f)(3)

36.     Plaintiff incorporates by reference, as set forth herein, the allegations set forth in each preceding paragraph allege that the LCSD is liable for violation of this separate provision of Title VII and for the following reasons:

37.     Plaintiff engaged in protected activity that included, but is not limited to, complaining to Defendants about racial discrimination, participating in the due process hearing involving these matters, as well as affiliating with an organization that opposed discrimination of each of the Defendants. Fairburn and the Lawrence County School Board submitted to a custom and practice of adverse actions against African-Americans who challenged the discriminatory practices of the Lawrence County School District such as Plaintiff prior to and during Fairburn's tenure.   The school board and Fairburn were also deliberately indifferent to the lack of training and supervision which caused the violation of Title VII as to Plaintiff throughout her tenure.   Each of the defendants ignored previously filed legal complaints filed against LCSD for such discriminatory and retaliatory behavior.   In addition, at board meetings, members of civil rights groups witnessed Fairburn's subordinates such as Twala Oakes who took pictures of those African-American citizens who complained of discrimination. LCSD retaliated against Brookins through adverse actions that were within the purview of their policy making authority following her aforementioned complaints about the custom of racist policies and actions within the district.   Moreover, after Kawana Brookins engaged in protected in

activity by filing an EEOC charge alleging racial discrimination on March 21, 2016, Tammy Fairburn and the Lawrence County School District continued their retaliatory and discriminative tactics against the plaintiff.

38.     Defendant LCSD retaliatory acts against Plaintiff were a direct and proximate result of her protected activities.

39.     A reasonable employee would find Defendant's retaliatory acts materially adverse and such acts would dissuade a reasonable person from making or supporting a charge of discrimination.

40.     Defendant's conduct has been intentional, deliberate, willful, malicious reckless, and conducted in callous disregard to Plaintiff's rights, entitling her to punitive damages.

41.     Defendant's actions and failures to act have caused Plaintiff to suffer harm, including without limitation lost earnings, lost benefits and other severe financial losses, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

42.     Plaintiff is therefore entitled to all legal and equitable remedies available for violations of Title VII, including an award of punitive damages.

43.     Attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

## COUNT III
## Race Discrimination Based on 42. U.S.C. § 1981 Under § 1983

44.     Plaintiff incorporates by reference the factual allegations set forth in preceding paragraphs, and asserts violation of 42 U.S.C. § 1981 against each Defendant and further allege as follows:

45.     Plaintiff is a member of a protected class, namely African-American.

46.     At all times relevant, Plaintiff was in a contractual relationship with Defendants LCSD, Turner, and Fairburn purposefully discriminated against her because of her race.

47.     Contained with the Personnel Policy Manual, Plaintiff was protected via contract form discrimination through policies and practices with respect to compensation, terms or conditions of employment because of an individual's race, color, ethnic, or national origin, religion, gender, height, weight, age, marital status, political beliefs disability, or handicap which does not impair an individual's ability to perform adequately in that individual's particular position or activity.  The district interfered with this provision as well the provision that states it will not tolerate behavior that interferes with the employee's work performance or which creates an offensive, or hostile work environment based on the aforesaid acts.

48.     During the course of Plaintiff's employment, each Defendant (Fairburn and LCSD) violated Plaintiff's rights by depriving Plaintiff of her right to the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's employment contract as is enjoyed by White employees, in violation of 42 U.S.C. § 1981(b).

49.     During the course of Plaintiff's employment with Defendant LCSD, Plaintiff did not enjoy the same benefits, privileges, terms, and conditions of employment as did White employees.

50.     Defendants' treatment, practices and policies directed toward Plaintiff, as more fully described in this complaint, denied Plaintiff the full and equal benefits of all laws and proceedings for the surety of persons and property as is enjoyed by White citizens, in violation of 42 U.S.C. § 1981.

51.     Defendants' treatment, practices and policies directed toward Plaintiff are more fully described in this complaint, denied Plaintiff the right to make and enforce contracts, as enjoyed by White citizens, in violation of 42 U.S.C. § 1981.

52.     Through its actions and treatment of Plaintiff, Defendants intended to discriminate against Plaintiff on the basis of her race.

53.     Plaintiff asserts that the intentional discrimination committed by Defendants interfered with his contractual rights in violation of 42 U.S.C. § 1981(c) and the case law supporting such a claim and seeks redress for these violations of Title VII and 42 U.S.C. § 1981 pursuant to the remedies provided under 42 U.S.C. § 1983.

54.     Plaintiffs assert that both Fairburn and LCSD constitute policy makers under 42 U.S.C. § 1983.  Upon information and belief, the Board has delegated to the Superintendent the authority to make policy concerning all personnel matters within LCSD except ultimate decisions such as hiring and firing full-time teachers.  Upon information and belief, LCSD, through its board have committed both its own

discriminating practices, policies, and customs and has adopted and/or intentionally acquiesced in the discriminatory practices, polices, and customs through their adoption of these individuals (Fairburn, and Turner) systematic and overt discrimination against African-Americans including Plaintiff.

55.    For these discriminating practices, customs, individual decisions, and policies enacted by Defendants, Plaintiff seeks redress through 42 U.S.C. § 1983. The discrimination of Defendants Fairburn, and the Lawrence County School District affected benefits and privileges of her employment contract with the Lawrence County School District.

56.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1988.

57.    Plaintiff is further entitled to injunctive relief to prevent further acts of discrimination, retaliation, and intimidation, including the following:

    a.    Defendants should be enjoined to amend its policies to clearly state the procedure for initiating and maintaining a complaint for disparate discrimination and to provide forms for initiating such a complaint.

    b.    Defendants should be enjoined to have forms for initiating complaints and grievances in all schools throughout the district for the aforementioned conduct.

    c.    Defendants should be enjoined to amend its policies so as to provide a clear statement of how complaints and/or grievances involving the superintendent should be handled, as well as how and whom complaints and grievances should be addressed when the offending party is the complaining party's ultimate supervisor.

    d.      Defendants should be enjoined to require all supervisory staff, including the superintendent, to participate and complete an EEOC approved and court sanctioned diversity training program.

58.      Defendants should be further enjoined from violating Title VII and should be required to report to the Court or, at the Court's direction, to the EEOC all administrative actions concerning the Plaintiff and others similarly situated for a period of three (3) years.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands judgment of and against the Defendant, compensatory, actual and punitive damages, together with interest, injunctive relief as set forth above and all costs of this Court and the Plaintiff's reasonable attorneys fees.  The Plaintiff demands trial by jury.

**RESPECTFULLY SUBMITTED**, on this, the 16th day of October, 2017.

KAWANA BROOKINS
PLAINTIFF

/s/ E. Carlos Tanner, III
E. CARLOS TANNER, III
TANNER & ASSOCIATES, LLC
P.O. Box 3709
Jackson, Mississippi 39207
carlos.tanner@thetannerlawfirm.com
601.460.1745 (telephone)
662.796.3509 (facsimile)