### IN THE UNITED STATE DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**KAWANA BROOKINS**                                                          **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 2:17-cv-172-KS-MTP**

**LAWRENCE COUNTY SCHOOL**
**DISTRICT and TAMMY FAIRBURN,**
**in both her official and individual capacity**                    **DEFENDANTS**

### LAWRENCE COUNTY SCHOOL DISTRICT AND
### TAMMY FAIRBURN'S ANSWER TO PLAINTIFF'S COMPLAINT

Come now, Lawrence County School District and Tammy Fairburn, by and through counsel, and in response to Plaintiff's Complaint (*CM/ECF Doc. No. 1*), would show unto the Court as follows:

### FIRST DEFENSE

Answering defendants specifically assert and invoke all the privileges available to it as set forth in Federal R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

### SECOND DEFENSE

To the extent that any alleged cause of action for discrimination was not contained in the charge of discrimination filed with the Equal Employment Opportunity Commission or filed within the time prescribed by 42 U.S.C. § 2000e-5(e), which statute is pleaded as a defense and as a statute of limitations, such claims are due to be dismissed.

### THIRD DEFENSE

To the extent the Plaintiff is asserting any state law claims, answering defendants invoke each and every restriction, limitation, requirement, privilege and immunity of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.* including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

### FOURTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

### FIFTH DEFENSE

To the extent that Plaintiff failed to exhaust internal administrative remedies, those claims are barred and due to be summarily dismissed.

### SIXTH DEFENSE

Any and all actions taken with respect to Plaintiff were not based upon any prohibited factors or upon any unlawful or impermissible reasons, but were taken in good faith and for legitimate reasons and based upon legitimate factors, including but not limited to, job performance, level of professional skill and judgment, level of responsibilities, market forces, salary history, total years of experience, years of experience in the job assignment, training, number of days worked, and length of work day.

## SEVENTH DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, she has no right to recover the same.

## EIGHTH DEFENSE

Answering defendants did not engage in unfavorable or adverse employment action that gave rise to an inference of discrimination against Plaintiff.

## NINTH DEFENSE

Answering defendants did not engage in or take any cognizable adverse personnel action against Plaintiff.

## TENTH DEFENSE

No causal link exists between any protected activity engaged in by Plaintiff and any unfavorable or adverse employment action against Plaintiff, and as such, Plaintiff has failed to state a claim upon which relief can be granted.

## ELEVENTH DEFENSE

Plaintiff is not disabled under the meaning of 42 U.S.C. §12102, therefore, the Plaintiff's claim must be dismissed for failure to state a claim upon which relief can be granted.

## TWELFTH DEFENSE

Tammy Fairburn is entitled to qualified immunity as to the claims asserted against her in her individual capacity. More specifically, Tamny Fairburn would affirmatively aver that the Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and, at all times, her conduct was objectively reasonable.

3

<u>**THIRTEENTH DEFENSE**</u>

**ADMISSIONS AND DENIALS**

<u>**COMPLAINT**</u>

And now, without waiving any defense heretofore or hereinafter set forth, answering defendants respond to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

**THE PARTIES**

1.     Answering defendants admit, upon information and belief, the allegations of paragraph 1 of Plaintiff's Complaint.

2.     Answering defendants admit that the District is a political subdivision of the State of Mississippi within Lawrence County, Mississippi and that its governing body is the Board of Trustees. Furthermore, answering defendants agree that service on the District can be made pursuant to the Federal Rules of Civil Procedure. Answering defendants deny the remaining allegations of paragraph 2 of Plaintiff's Complaint.

3.     Answering defendants admit the allegations of paragraph 3 of Plaintiff's Complaint.

**VENUE AND JURISDICTION**

4.     Answering defendants admit this Court has subject matter jurisdiction. Answering defendants deny the remaining allegations of paragraph 4 of Plaintiff's Complaint.

5.     Answering defendants admit venue is proper in this matter. Answering defendants deny the remaining allegations of paragraph 5 of Plaintiff's Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Answering defendants deny the allegations of paragraph 6 of Plaintiff's Complaint.

## FACTS

7. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-6 hereinabove as if the same were specifically set out herein.

8. Answering defendants admit Plaintiff is an African American female formerly employed as a teacher for the Lawrence County School District. Answering defendants deny the remaining allegations of paragraph 8 of Plaintiff's Complaint, as stated.

9. Answering defendants deny the allegations of paragraph 9 of Plaintiff's Complaint.

10. Answering defendants admit the allegations of paragraph 10 of Plaintiff's Complaint.

11. Answering defendants deny the allegations of paragraph 11 of Plaintiff's Complaint.

12. Answering defendants admit that Plaintiff was employed with the District. Answering defendants deny the remaining allegations of paragraph 12 of Plaintiff's Complaint.

13. Answering defendants deny the allegations of paragraph 13 of Plaintiff's Complaint.

14. Answering defendants deny the allegations of paragraph 14 of Plaintiff's Complaint.

15. Answering defendants deny the allegations of paragraph 15 of Plaintiff's Complaint.

16. Answering defendants deny the allegations of paragraph 16 of Plaintiff's Complaint.

17. Answering defendants admit that Kenneth Brookins' iPad was alleged to contain pornographic images and that the same was reported to the District. Answering defendants deny the remaining allegations of paragraph 17 of Plaintiff's Complaint.

18. Answering defendants deny the allegations of paragraph 18 of Plaintiff's Complaint, as stated.

19. Answering defendants deny the allegations of paragraph 19 of Plaintiff's Complaint, as stated.

20. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 20 of Plaintiff's Complaint, and, as such, deny the same.

21. Answering defendants deny the allegations of paragraph 21 of Plaintiff's Complaint, as stated.

22. Answering defendants deny the allegations of paragraph 22 of Plaintiff's Complaint.

23. Answering defendants deny the allegations of paragraph 23 of Plaintiff's Complaint, as stated.

24.     Answering defendants admit the allegations of paragraph 24 of Plaintiff's Complaint.

25.     Answering defendants deny the allegations of paragraph 25 of Plaintiff's Complaint.

26.     Answering defendants admit that Kenneth Brookins suspension was upheld.  Answering defendants deny the remaining allegations of paragraph 26 of Plaintiff's Complaint.

27.     Answering defendants admit Plaintiff resigned from her position with the Lawrence County School District.  Answering defendants deny the remaining allegations of paragraph 27 of Plaintiff's Complaint.

## <u>COUNT I</u>
### Violation of Title VII-Racial Discrimination

28.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-27 hereinabove as if the same were specifically set out herein.

29.     Answering defendants admit that Plaintiff is an African-American female. Answer defendants would state that Title VII speaks for itself.  Answering defendants deny the remaining allegations of paragraph 29 of Plaintiff's Complaint.

30.     Answering defendants deny the allegations of paragraph 30 of Plaintiff's Complaint.

31.     Answering defendants deny the allegations of paragraph 31 of Plaintiff's Complaint.

7

32.     Answering defendants deny the allegations of paragraph 32 of Plaintiff's Complaint.

33.     Answering defendants deny the allegations of paragraph 33 of Plaintiff's Complaint.

34.     Answering defendants deny the allegations of paragraph 34 of Plaintiff's Complaint.

35.     Answering defendants deny the allegations of paragraph 35 of Plaintiff's Complaint.

## COUNT II
### Violation of Title VII-Retaliation
### 42 U.S.C. § 2000e-3(a), 42 U.S.C. 42 U.S.C. § 2000e-5(f)(3)

36.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-35 hereinabove as if the same were specifically set out herein.

37.     Answering defendants deny the allegations of paragraph 37 of Plaintiff's Complaint.

38.     Answering defendants deny the allegations of paragraph 38 of Plaintiff's Complaint.

39.     Answering defendants deny the allegations of paragraph 39 of Plaintiff's Complaint.

40.     Answering defendants deny the allegations of paragraph 40 of Plaintiff's Complaint.

41.    Answering defendants deny the allegations of paragraph 41 of Plaintiff's Complaint.

42.    Answering defendants deny the allegations of paragraph 42 of Plaintiff's Complaint.

43.    Answering defendants deny the allegations of paragraph 43 of Plaintiff's Complaint.

**COUNT III**
**Race Discrimination Based on 42 U.S.C. § 1981 Under § 1983**

44.    Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-43 hereinabove as if the same were specifically set out herein.

45.    Answering defendants deny the allegations of paragraph 45 of Plaintiff's Complaint.

46.    Answering defendants deny the allegations of paragraph 46 of Plaintiff's Complaint.

47.    Answering defendants deny the allegations of paragraph 47 of Plaintiff's Complaint.

48.    Answering defendants deny the allegations of paragraph 48 of Plaintiff's Complaint.

49.    Answering defendants deny the allegations of paragraph 49 of Plaintiff's Complaint.

50. Answering defendants deny the allegations of paragraph 50 of Plaintiff's Complaint.

51. Answering defendants deny the allegations of paragraph 51 of Plaintiff's Complaint.

52. Answering defendants deny the allegations of paragraph 52 of Plaintiff's Complaint.

53. Answering defendants deny the allegations of paragraph 53 of Plaintiff's Complaint.

54. Answering defendants deny the allegations of paragraph 54 of Plaintiff's Complaint.

55. Answering defendants deny the allegations of paragraph 55 of Plaintiff's Complaint.

56. Answering defendants deny the allegations of paragraph 56 of Plaintiff's Complaint.

57. Answering defendants deny the allegations of paragraph 57 of Plaintiff's Complaint.

58. Answering defendants deny the allegations of paragraph 58 of Plaintiff's Complaint.

As for the last unnumbered paragraph which commences "WHEREFORE PREMISES CONSIDERED…," answering defendants deny each and every allegation contained therein and would affirmatively aver that the Plaintiff is not entitled any

relief whatsoever. Further, answering defendants deny any allegation in this Complaint not specifically admitted herein.

## FOURTEENTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## FIFTEENTH DEFENSE

Answering defendants allege that they met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

## SIXTEENTH DEFENSE

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## SEVENTEENTH DEFENSE

The Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

11

(a)    The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)    The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)    The procedures fail to provide a limit on the amount of the award against the defendants.

(d)    The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)    The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)    The procedures permit multiple awards of punitive damages for the same alleged act.

(g)    The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)    The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)    The standard of conduct upon which punitive damages are sought is vague.

12

## EIGHTEENTH DEFENSE

Answering defendants assert the defense specified in *Faragher v. Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) to the extent applicable.

## NINTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against them, answering defendants request that the same be dismissed, that it be discharged, and that costs be assessed against the Plaintiff.

**DATE:**       **January 8, 2018.**

Respectfully submitted,

**LAWRENCE COUNTY
SCHOOL DISTRICT AND
TAMMY FAIRBURN**

BY:    /s/*William R. Allen*
          One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
J. CHADWICK WILLIAMS (MSB #102158)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
cwilliams@aabalegal.com

13

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Lawrence County School District and Tammy Fairburn's Answer to Plaintiff's Complaint with the Clerk of the Court which gave notice of the same to:

> E. Carlos Tanner, III, Esq.
> TANNER & ASSOCIATES, LLC
> P. O. Box 3709
> Jackson, MS 39207
> carlos.tanner@thetannerlawfirm.com

The 8th day of January, 2018.

/s/*William R. Allen*
OF COUNSEL

14