**IN THE UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KAWANA BROOKINS**                                                          **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 2:17-cv-172-KS-MTP**

**LAWRENCE COUNTY SCHOOL**
**DISTRICT and TAMMY FAIRBURN,**
**in both her official and individual capacity**                                **DEFENDANTS**

**TAMMY FAIRBURN'S MEMORANDUM IN SUPPORT**
**OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Come now, Tammy Fairburn, by and through counsel, and submits her

Memorandum of Authorities in Support of Motion for Judgment on the Pleadings

**INTRODUCTION**

This suit arises out of Plaintiff's former employment with the Lawrence County

School District ("LCSD"). More specifically, Plaintiff, an African-American, contends

that she was subjected to racial discrimination in her employment.

**CLAIMS**

Plaintiff's Complaint asserts a number of claims under both Federal and State

law. More specifically, as to her Federal claims, Plaintiff asserts claims under Title VII-

Racial Discrimination, and Title VII—Retaliation.

**STANDARD OF REVIEW**

Rule 12(c) of the Federal Rules of Civil Procedure governs this Motion inasmuch

as a responsive pleading has already been filed. *CM/ECF Doc. No. 5*; s*ee e.g., Jones v.*

*Greninger,* 188 F.3d 322, 324 (5th Cir.1999); *Robertson v. Mullins*, 2:12CV57-MPM-DAS,

2013 WL 1319759, at *1 (N.D. Miss. Mar. 26, 2013)(same). The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive moving Defendants' Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007)). The complaint must allege "sufficient factual matter…to state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). As outlined below, the Plaintiff's Title VII claims against Tammy Fairburn in her individual capacity must be dismissed.

ARGUMENT

## I.    Title VII—Racial Discrimination & Retaliation.

In her Complaint, Plaintiff asserts that the Defendants discriminated against her based on her race and retaliated against her for engaging in protected activity. *Compl.* ¶ 30, 37.  The Defendants in this case are the LCSD and Tammy Fairburn (individually and officially).

2

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer...to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1). Furthermore, Title VII prohibits employers from retaliating against employees who engage in protected activities. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012). While Title VII defines the term employer to include "any agent" of an employer, the Fifth Circuit does not interpret the statute as imposing individual liability for such claims. See *Pfau v. Reed*, 125 F.3d 927, 935-36 (5th Cir.1997). That is, it is well settled in the Fifth Circuit that individual supervisors cannot be held personally liable under Title VII, as they are not "employers" as that term is defined in Title VII. See *Garcia v. Elf Atochem N. Am.*, 28 F.3d 446, 451 n. 2 (5th Cir.1994); *Grant v. Lone Star Co.*, 21 F.3d 649, 652–53 (5th Cir. 1994); *Clanton v. Orleans Parish Sch. Bd.*, 649 F.2d 1084, 1099 (5th Cir.1981). Similarly, a Title VII plaintiff may not recover against a public employee in his individual capacity. *Harvey v. Blake*, 913 F.2d 226, 227–28 (5th Cir.1990). Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate *respondeat superior* liability into Title VII. *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994); see also *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Thus, a Title VII suit against an employee is actually a suit against the corporation. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). In light of the above, Plaintiff's Title VII claims against Fairburn, individually, must be dismissed.

## CONCLUSION

For all of the reasons stated and authorities cited hereinabove, this Court should

dismiss Plaintiff's Title VII claims against Fairburn in her individual capacity.

**DATE:**        **January 8, 2018.**

Respectfully submitted,

**TAMMY FAIRBURN**

BY:    /s/*William R. Allen*
           One of Her Attorneys

WILLIAM R. ALLEN (MSB #100541)
J. CHADWICK WILLIAMS (MSB #102158)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
cwilliams@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Tammy Fairburn's Memorandum of Authorities in Support of Motion for Judgment on the Pleadings with the Clerk of the Court which gave notice of the same to:

> E. Carlos Tanner, III, Esq.
> TANNER & ASSOCIATES, LLC
> P. O. Box 3709
> Jackson, MS 39207
> carlos.tanner@thetannerlawfirm.com

The 8th day of January, 2017.

/s/*William R. Allen*
OF COUNSEL

5