IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KAWANA BROOKINS,** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 2:17-CV-172-KS-MTP**

**LAWRENCE COUNTY SCHOOL
DISTRICT,** *et al.* **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is an employment discrimination and retaliation case. Plaintiff was a teacher in the Lawrence County School District. She alleges that the District paid her less than her white counterparts, that the District's administrators assigned her extra work in retaliation for complaints of racial bias, that the District's administrators harassed her in retaliation for her complaints, and that the District constructively discharged her from her position. Defendant Tammy Fairburn, the District's superintendent, filed a Motion for Judgment on the Pleadings [6] as to Plaintiff's Title VII claims against her in her individual capacity. For the reasons provided below, the motion is **granted**.

*A.    Standard of Review*

A "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### B.  *Discussion*

Defendant argues that she can not be personally liable under Title VII because she was not Plaintiff's "employer." Plaintiff does not dispute that Defendant Fairburn was not her employer. Rather, Plaintiff argues that she did not assert Title VII claims against Fairburn individually, but only against the District and Fairburn in her official capacity.

The Court already addressed this issue in Plaintiff's husband's case. *See Brookins v. Lawrence County Sch. Dist.*, No. 2:17-CV-60-KS-MTP, 2017 WL 4706907, at *2 (S.D. Miss. Oct. 19, 2017). A supervisor may be "considered an 'employer' under Title VII if he wields the employer's traditional rights, such as hiring and firing."

*Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998). But if the supervisor exercises such power in their official – rather than individual – capacity, it "is necessarily exercised . . . by a person who acts as an agent of the corporate or municipal body he represents. Because the wrongful acts are performed in his official capacity, any recovery . . . must be against him in that capacity, not individually." *Id.* Therefore, as it is undisputed that Defendant Fairburn acted as an agent of the District, she can not be personally liable under Title VII.

## C. Conclusion

For these reasons, the Court **grants** Defendant Fairburn's Motion for Judgment on the Pleadings [6]. To the extent Plaintiff asserted Title VII claims against Defendant Fairburn in her individual capacity, those claims are dismissed with prejudice.

SO ORDERED AND ADJUDGED this 6th day of April, 2018.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE